IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANDREW JENNINGS PLAINTIFF

v. Civil No. 5:26-cv-05210-SGS

NORWOOD & NORWOOD, P.A.;
JUDGE PAUL BRIDGES; WASHINGTON
COUNTY SHERIFF'S OFFICE;
JUDGE RAY REYNOLDS;
ATTORNEY ANGELA HYDE;
MAJOR JOSHUA MCCONNELL; and
CORP. JACOB WAGGONER; DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Andrew Jennings, filed this action pursuant to 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge; however, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to a United States District Judge. See 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2). Pursuant to Section 1915(e)(2), the Court is statutorily authorized to conduct pre-answer screening of non-prisoner complaints in which a plaintiff proceeds *in forma pauperis* such as the Plaintiff herein.

## I. BACKGROUND

Plaintiff filed his Complaint on August 20, 2026, along with an application to proceed *in*

*forma pauperis* ("IFP"). (ECF Nos. 1, 2). The Court granted Plaintiff IFP status on September 4, 2026. (ECF No. 6).

In his Complaint, Plaintiff names six Defendants: (1) Norwood & Norwood, P.A.; (2) Judge Paul Bridges, a retired judge that was an attorney at Norwood & Norwood, P.A. at the time in issue; (3) Washington County Sheriff's Office; (4) Judge Ray A. Reynolds; (5) Angela Hyde, prosecuting attorney; (6) Major Joshua McConnell, Washington County Sheriff's Office; and (7) Corporal Jacob Waggoner, with Walmart. (ECF No. 1, pp. 3-4).

Plaintiff then goes on to allege claims against each Defendant related to an incident that occurred at his home in 2011. Specifically, Plaintiff claims:

> I called police while having a mental breakdown & officer Jacob Waggoner & office Joshua McConnell kicked in my door after I had a mental breakdown & told them to leave they entered the house & used excessive force & denied me medical care. Then lawyers & Judge prosecutor & everyone lied coerced & manipulated me because of the situation & because I don't know law at that time. Cpl. Jacob Waggoner & sergeant Joshua McConnell Kicked in my door after telling them to leave everything okay & they didn't assess the situation & kicked in door & used excessive for[c]e. I was excessively tazed & shoved into a couch where I couldn't breath & lost function of my leg or legs & they dragged me to cop car & shoved me into it.

(ECF No. 1, pp. 6-7) (errors in original). Plaintiff goes on to allege:

> Major Joshua McConnell & Corporal Jacob Waggoner violated 6th & 14th amendment & abuse of power, police unbecoming, police negligence my door was kicked in by officers after I called them & opened the door & told theme everything was okay & tazed about 10 times excessive force & then denied medical treatment. Norwood & Norwood, P.A. & Judge Paul bridges violated client attorney privilege lied coerced manipulated the whole case. 6th & 14th amendment violations. I do not know for certain but Judge Ray Reynolds & Angela Hyde prosecutor & Washinton County Sheriff's Office could of known & manipulated coerce & lie also 6th & 14th amendment violations as well. So I am suing them as well. They worked under color of law to get a conviction out of me. 6th & 14th Amendment violations. False police reports slander defamation.

(ECF No. 1, p. 8) (errors in original). The specific dates listed by Plaintiff as "dates of

occurrence" are January 27, 2011, February 24, 2011, and March 1, 2011. *Id.* at 6, 8. For relief, Plaintiff seeks both compensatory and punitive damages. *Id.* at 11.

## II. APPLICABLE STANDARD

Pursuant to 28 U.S.C.§ 1915(e)(2)(B) the Court shall dismiss a complaint, or any portion of it, at any time, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal

involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

All of the events Plaintiff alleges as violations of his Constitutional rights, pursuant to Section 1983, occurred between January 27, 2011, and March 1, 2011. As such, Plaintiff's claims are time barred. Section 1983 does not contain its own statute of limitation. Instead, causes of action under Section 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia,* 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.,* 758 F.3d 1038, 1044 (8th Cir. 2014). In analyzing whether Plaintiff's claims are time-barred, the Court must first determine when this applicable statute of limitations accrued. While state law provides the statute of limitations, federal law applies in determining when a cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, a cause of action accrues, when the plaintiff has a complete and present cause of action.

*Id.*; *see also Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("accrual occurs when the plaintiff can file suit and obtain relief").

The actions or inactions complained of by Plaintiff, as listed in his Complaint, accrued in 2011—over fifteen years prior to him filing this action. All of Plaintiff's claims against all Defendants are time-barred as those claims arose well before the three-year statute of limitations period.[1]

## IV. CONCLUSION

For these reasons, it is recommended the case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

**Referral Status: Referral in this case should terminate at the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of September 2026.

/s/ Spencer G. Singleton
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

1 Plaintiff's claims are likely subject to dismissal for several other reasons including, but not limited to, judicial immunity, prosecutorial immunity, lack of state action or actor, and under *Heck v. Humphrey*, 512 U.S. 477 (1994). As all asserted claims are barred by the statute of limitations, however, the Court's review under section 1915(e)(2) is limited to that issue.